TERRENCE J. MOORE, ESQ.
SHAW & MOORE, A.P.C.
P.O. Box 280542
Tampa, FL 33682-0542

Attorneys for Matthew Veal

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Matthew Veal, | Civil Action No. 99-1615-CIV-T-17F |
| Plaintiff, | |
| v. | **COMPLAINT FOR REFUND OF TAXES; DEMAND FOR JURY TRIAL** |
| United States of America, | |
| Defendant. | |

1. Plaintiff resides at 2917 S. Atlantic Avenue, Unit 502, Daytona Beach, Fl 32118, which is located in the Middle District of Florida.

2. This is a Civil Action against the Defendant, United States of America, for the recovery of Federal taxes illegally and erroneously assessed and collected from the Plaintiff for the period ending September 30, 1994. The Court has jurisdiction of the action by virtue of 28 USC Section 1346(a)(1).

3. Taxpayer was employed at ComCentral Corp. (hereinafter referred to as "ComCentral") in or around 1991. He was hired as the accountant. During the first year of Plaintiff's employment at ComCentral the company was sold to Norman R. Dobiesz (hereinafter

referred to as "Dobiesz") and his company Teltronics, Inc. (hereinafter referred to as "Teltronics").

4.  ComCentral went public on a three (3) million dollar underwriting in December of 1991. Dobiesz and his entities, under his control, were paid one (1) million dollars in fees from the completion of the underwriting. Dobiesz assumed control of ComCentral but refused to serve as an officer or director. In June 1992, ComCentral, made an unsuccessful acquisition of American Telecommunications Corp. Although the acquisition was unsuccessful, Dobiesz collected $600,000.00 in fees, which he promised to turnover to ComCentral. In December of 1992 Dobiesz, and entities under his control, paid himself several hundred thousand shares of free trading stock valued at $2.00 per share for his consulting services.

5.  In September 1993 ComCentral issued two (2) million shares and nine hundred thousand ($900,000.00) in cash to Dobiesz for National Communications of Serasota, Inc., as part of the sale National is obligated to deliver, among other things, twenty-four thousand (24,000) shares of Teltronics stock valued in excess of a hundred thousand dollars ($100,000.00). Dobiesz promised investors the officers and directors of ComCentral that he would obtain the telephone business of Columbia Healthcare Systems (hereinafter referred to as "Columbia"). In August of 1994 Dobiesz continued to drain ComCentral of its assets, while being paid twelve thousand ($12,000.00) per month, plus a mercedes. Several promises were made to the board of directors and officers regarding Dobiesz continued ability to obtain lucrative telephone contracts from Columbia. Shortly, thereafter, the existing president and vice president resigned and ComCentral's headquarters were moved in with Mr. Dobiesz and his company.

6.  In September of 1994, taxpayer was appointed the position of president by Dobiesz.

This position was in fact a "naked" position. The title bestowed upon him carried no authority. It is believed and therefore contended that Dobiesz has a history of creating tax liabilities and setting up unwary individuals to take the fall. As noted above, the taxpayer was hired as an accountant. He performed jobs consistent with that of an accountant. Taxpayer had virtually no responsibilities associated with the financial arena of the corporation. He had no independent authority to disburse or not to disburse corporate funds. Any amounts he disbursed were under the complete direction and authority of Dobiesz. All checks signed by the taxpayer were subject to the authorization of Dobiesz. Dobiesz made all decisions as to which bills to pay, and the amounts to be paid. Taxpayer had no authority to issue or to prevent the issuance of corporate checks, nor did he have any control over the disbursement of payroll. The taxpayer's title of accountant was merely a title without any independent associated control or authority over the financial matters of the company. Dobiesz strictly controlled all the financial dealings of ComCentral.

7. On or about February 10, 1997, taxpayer was assessed a civil penalty for non-payment of FICA and Withholding taxes for ComCentral for the period ending September 30, 1994. The Internal Revenue Service erroneously believed taxpayer was a responsible person for the trust fund tax for the liabilities created by ComCentral. Apparently, the Internal Revenue Services' belief was based on the fact that taxpayer was the accountant of ComCentral even though taxpayer had no authority and control over the day to day management of corporate affairs or finances.

8. On November 18, 1998, taxpayer paid the Internal Revenue Service $109.44

towards the civil penalty §6672 erroneously assessed taxpayer for the period ending September 30, 1994. The taxpayer has made additional payments through seizures of refunds and payments, all of which have been erroneously paid to the Internal Revenue Service. On November 18, 1998, the plaintiff filed a Claim for Refund, Form 843, for a refund of the $109.44. Said Claim was filed with the Internal Revenue Service, located at Internal Revenue Service, Special Procedures, Atlanta, Ga. _____. A copy of the Claim for Refund is attached hereto as Exhibit "A".

9. More than six months have lapsed since plaintiff filed his Claim for Refund on Form 843. To date, the Internal Revenue Service has failed to accept or deny his claim. By operation of law the plaintiff's Claim for Refund, Form 843, is denied. Pursuant to Internal Revenue Code Section 6532, plaintiff filed said Complaint and demands a refund in full of the payment of $109.44, plus interest, plus other funds that have previously been seized and are still covered by the applicable statute of limitations.

10. Plaintiff has erroneously been assessed Section 6672 Civil Penalty for tax period ending September 30, 1994. Plaintiff has made no assignment of his claim and is a sole owner of said claim.

11. The action of the Defendant, through its agent, in assessing and collecting the deficiencies referred to in Paragraph 7, was improper, illegal, and erroneous.

WHEREFORE, plaintiff demands judgment as follows:

(a) A refund in the sum of $109.44 plus any additional monies paid by the plaintiff;

(b) Interest, costs, attorneys' fees, accountants' fees, and reasonable litigation expenses, according to law;

(c)  For such other relief as a Court may deem just and proper.

Dated: 7/5, 1999

SHAW & MOORE, A.P.C.

By: _____
Terrence J. Moore, Esq.
Attorneys for Plaintiff,
Matthew Veal

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues properly so triable.

Dated: 7/5, 1999

SHAW & MOORE, A.P.C.

_____
Terrence J. Moore, Esq.
Attorney for Plaintiff,
Matthew Veal

-5-

| Form **843** (Rev. January 1997)<br>Department of the Treasury<br>Internal Revenue Service | **Claim for Refund and Request for Abatement**<br>▶ See separate instructions. | OMB No. 1545-0024 |
|---|---|---|

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, pena or additions to tax on line 4a.
Do not use Form 843 if your claim is for –
- An overpayment of income taxes;
- A refund of fuel taxes; or
- An overpayment of excise taxes reported on Form 720, 730, or 2290 (see General Instructions).

**Please type or print**

| Name of claimant | Your social security number |
|---|---|
| Matthew Veal | 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 |

| Address (number, street, and room or suite no.) | Spouse's social security number |
|---|---|
| 2917 S. Atlantic Ave., Apt. 502 | |

| City or town, state, and ZIP code | Employer identification number |
|---|---|
| Daytona Beach   FL   32118 | |

| Name and address shown on return if different from above | Daytime telephone number |
|---|---|
| | (813) 915-1954 |

**1** Period - prepare a separate Form 843 for each tax period
From   July 1   , 1994  , to Sept. 30   , 19 94

**2** Amount to be refunded or abated
$   109.44

**3a** Type of tax, penalty, or addition to tax:
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (unless reported on Form 720, 730, or 2290 -- see Instructions)
☒ Penalty – IRC section▶ 6672 ComCentral Corp

**b** Type of return filed (see Instructions):
☐ 706   ☐ 709   ☐ 940   ☒ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable -- see Instructions).
☒ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment▶ November 19, 1998

**5 Explanations and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

The taxpayer's claim should be allowed because the Civil Penalty was erroneously assessed against him. The taxpayer was not required to collect, truthfully account for, and pay over any payroll tax. The taxpayer did not willfully fail to collect payroll tax. ComCentral, Corp., EIN 59-2868072, was operated under the direction and control of Mr. Norman R. Dobiesz. The taxpayer was hired as the corporate accountant. The taxpayer's job duties centered around accounting functions. The taxpayer did not have independent discretion to broaden his job duties. The taxpayer acted under the authority and control of Mr. Dobiesz. Mr. Dobiesz maintained control over the corporate finances. Mr. Dobiesz ultimately chose which creditors to pay or not to pay.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date |
|---|---|
| Signature | Date |

For Paperwork Reduction Act Notice, see separate instructions.   Form **843** (Rev. 1-97)
DXA

# SHAW & MOORE

### A PROFESSIONAL CORPORATION
MAILING ADDRESS
P.O. BOX 280542
TAMPA, FLORIDA 33682

TERRENCE J. MOORE, ESQ. *
JAMES T. SHAW, ESQ. **
DEBORAH L. TALLON, ESQ.
 * CA & FL BARS
** CA & CT BARS

TELEPHONE (813) 915-1954
FACSIMILE (813) 935-7058
EMAIL tjmllm@earthlink.net

November 18, 1998

**CERTIFIED RETURN RECEIPT**

Internal Revenue Service
Atlanta, GA 39901

    Re:   Matthew Veal
           SSN: 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
           Our File: 807-23.Veal

Dear IRS:

    Please find enclosed Form 843, Claim for Refund and request for abatement for the above-noted taxpayer. Based upon the facts stated in the claim for refund we request that you abate all civil penalty, § 6672, for the tax period ending September 30, 1994, and refund the November 19, 1998, payment of $109.44.

    We request that action be taken immediately. If you choose to deny this claim we request that you deny it immediately. A copy of our Power of Attorney is enclosed for your convenience. Please conform the duplicate copy of the Form 843, which is enclosed, and return in the SASE.

                                      Sincerely,

                                      SHAW & MOORE, APC

                                      Terrence J. Moore, Esq.

Cc: Taxpayer
Enclosures

Is your **RETURN ADDRESS** completed on the reverse side?

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

IRS
ATLANTA GA 39901
ATSC IRS

4a. Article Number
Z 177 561 511

4b. Service Type
☐ Registered  ☒ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

Thank you for using Return Receipt Service.

# Form 2848 — Power of Attorney and Declaration of Representative

**Part I — Power of Attorney** (Please type or print.)

## 1 Taxpayer Information (Taxpayer(s) must sign and date this form on page 2, line 9.)

Taxpayer name(s) and address:
Matthew A. Veal
2917 S. Atlantic Avenue, Suite 502
Daytona Beach Shores, Florida 32118

Social security number(s): 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

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

## 2 Representative(s) (Representative(s) must sign and date this form on page 2, Part II.)

Name and address:
Terrence Moore, Esq.
POB 280542
Tampa, FL 33682-0542
CAF No. 6505-93839
Telephone No. (813) 006-0600
Fax No. (813) 935-7058

Name and address:
Elizabeth Busch, Esq.
33971 Selva Road, Ste. 270
Dana Point, CA 92629
CAF No. 9005-92249R
Telephone No. (949) 496-4396
Fax No. (949) 496-4318

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

## 3 Tax Matters

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Civil Penalty | 6672 | 9/94, 12/94, 3/95 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See Instruction for Line 4-Specific uses not recorded on CAF.) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see Instruction for Line 5-Acts authorized).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ...........

Note: In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.

Note: The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.

**6 Receipt of Refund Checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.

Form 2848 (Rev. 12-97)

Form 2848 (Rev. 12-97) Matthew A. Veal    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    Page 2

**Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

- If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐
- If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐
- If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested; otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| Signature | Date | Title (if applicable) |
|---|---|---|
| *Matthew A. Veal* | 11/16/98 | |
| Print Name: Matthew A. Veal | | |
| Signature | Date | Title (if applicable) |
| Print Name | | |

## Part II  Declaration of Representative

Under penalties of perjury, I declare that:
- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
    a  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
    b  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
    c  Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
    d  Officer—a bona fide officer of the taxpayer's organization.
    e  Full-Time Employee—a full-time employee of the taxpayer.
    f  Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
    g  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
    h  Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation—Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a | CA & FL | [signature] | 11/16/98 |
| a | | Elizabeth Bosch | 11/16/98 |

DXA



Matthew A. Veal or   12-87
Karen Newell Veal
2917 S. Atlantic Ave., Unit 502
Daytona Beach Shores, FL 32118
Ph. 904-756-9138

                                    1488
                                    63-497/631

___10/9___ 19_98_

PAY TO THE ORDER OF _Internal Revenue Service_    $ _109.44_

_One hundred nine dollars forty four cents_ DOLLARS

Barnett Bank  613-001
1825 International Speedway Blvd.
Daytona Beach, Florida 32114

bk72 only
FOR _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_

PREMIER ACCOUNT

_Matthew A. Veal_

⑆063104972⑆ 1488  10204 1897 2⑈